UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NURA WASHINGTON BEY,

    Plaintiff,

v.                                                          Case No: 8:14-cv-954-T-27AEP

CITY OF TAMPA and STEVE
MATEYKA,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint With Prejudice (Dkt. 19). Plaintiff did not respond and the time in which to do so has passed. Accordingly, the Motion is deemed unopposed. Upon consideration, the Motion is GRANTED.

**I. BACKGROUND**

On April 22, 2015, Plaintiff filed a civil rights complaint alleging violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and of her First, Fourth, Fifth, and Ninth Amendment rights (Dkt. 1). The Complaint was dismissed with prejudice (Dkt. 11). Plaintiff appealed and the Eleventh Circuit Court of Appeals affirmed in part as to the Fourth, Fifth, and Ninth Amendment claims, and vacated and remanded in part to enter a new judgment dismissing Plaintiff's First Amendment free exercise and association claims and RLUIPA equal terms and nondiscrimination claims without prejudice (Dkt. 15). On April 6, 2015, Plaintiff filed an Amended Complaint (Dkt. 17). The factual allegations in the Amended Complaint are identical to those in her original Complaint and will not be repeated here.

On May 7, 2015, in accordance with the Eleventh Circuit's Mandate, Plaintiff's First Amendment free exercise and association claims and RLUIPA equal terms and nondiscrimination claims were dismissed without prejudice and she was granted leave to file the Amended Complaint (Dkt. 20).

Defendants move to dismiss the Amended Complaint as premature and procedurally improper, for failure to comply with the Eleventh Circuit's mandate, and for failure to state a claim. Because Plaintiff was granted leave to file the Amended Complaint, Defendants' procedural arguments are moot. However, the Amended Complaint is subject to dismissal with prejudice.

## II. STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of her claim sufficient to demonstrate an entitlement to relief and to give fair notice of the grounds on which the claim rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v.*, 550 U.S. 544, 555 (2007). A plaintiff is not required to set out in detail the facts on which the claim is based. However, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. DISCUSSION

### A. First Amendment Claims

In Count I, Plaintiff alleges Defendants violated her First Amendment rights to exercise her religion, to assemble, and to free speech by "dictating" that she cannot display her "Moorish Religious, Heritage, and History sign of the Morocco Treaty of Peace and Friendship" without a permit (Dkt. 17 at 8). However, the Amended Complaint suffers from the same deficiencies as the original Complaint in that Plaintiff does not allege that "she had applied for or was denied the permits, that she was not required by the ordinances to obtain the permits, or that she corrected the code violations prior to the code enforcement hearing." (*See* Dkt. 15 at 8, Eleventh Circuit opinion). Instead, once again, Plaintiff appears to allege that she is exempt from local land use regulations, a theory the Eleventh Circuit rejected (*see id.*).

Plaintiff's First Amendment claims will be dismissed with prejudice. Plaintiff has already been given a chance to amend these claims. And the Eleventh Circuit found the facts Plaintiff continues to allege in support of these claims to be legally insufficient. Plaintiff has therefore failed to cure the deficiencies in her original Complaint. Rather, she continues to pursue the theory that her status as "Moorish American national" exempts her from the City of Tampa's permitting requirements and jurisdiction. As such, it appears that any further amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). Moreover, Plaintiff did not respond to the motion to dismiss or request another chance to amend. While pro se

pleadings are construed liberally, the court does not have the "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662, 129 S. Ct. 1937.

### B.   Fourth, Fifth, and Ninth Amendment Claims

In Count II, Plaintiff alleges Defendants violated her Fourth Amendment right to privacy when Defendant Mateyaka intruded and confronted her husband and lied about her land and code violations, which resulted in fines and liens (Dkt. 17 at 9). In Count III, it appears that Plaintiff alleges Defendants violated her Ninth Amendment rights by imposing fines, although most of the allegations are merely statements about "Indigenous People," colonial legislatures and courts, and various purported treaties (*Id.* at 11-15). There is a passing reference to the Fifth Amendment and due process within the Ninth Amendment claim (*Id.* at 15).

The Eleventh Circuit affirmed the dismissal with prejudice of Plaintiff's Fourth, Fifth, and Ninth amendment claims, which were based on the same allegations as in the Amended Complaint (Dkt. 15 at 7 n.5, 9-11, Eleventh Circuit opinion). These claims are therefore barred. *See Astron Indus. Associates, Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir. 1968) ("a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action.").[1]

---

[1] Although Plaintiff was given leave to amend her RLUIPA claims, the Amended Complaint includes no such claims. To the extent Plaintiff brings claims under 28 U.S.C. §§ 241 and 242, these claims fail. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983) . . . .").

Finally, because none of Plaintiff's claims survive, it is unnecessary to address Defendants' arguments with respect to Plaintiff's claims for injunctive relief, punitive damages, and qualified immunity.

Accordingly, Defendants' Dispositive Motion to Dismiss Plaintiff's Amended Complaint With Prejudice (Dkt. 19) is **GRANTED**. The Amended Complaint is **DISMISSED** *with prejudice* and the Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 2nd day of November, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
pro se plaintiff